No. 28,173.

THE STATE OF KANSAS, *Appellee*, v. CHARLES JENKS, *Appellant*.

(268 Pac. 850.)

Opinion filed July 7, 1928.

*John J. McCurdy,* of Lincoln, and *James L. Haley,* of Sabetha, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Theodore M. Metz,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Charles Jenks was prosecuted upon the charge of statutory rape upon Ida Lovin, a girl twelve years of age, and was found guilty. He appeals.

There appears to be sufficient evidence to support the verdict, and in fact the defendant makes no complaint of any lack of sustaining evidence, but bases his sole contention for reversal upon a ruling of the court permitting the introduction of evidence to the effect that he had taken immoral and indecent liberties with other young girls about the time of the offense charged against the defendant. It appears that defendant lived in a cabin on a street near a school building, and that school children passed his cabin on their way to school. He had the habit of giving young girls candy and small sums of money and had been inviting them to enter his cabin. Ida Lovin was requested by him to enter the cabin a number of times through a back door, and at each visit he gave her ten cents, and she testified that on two occasions he locked the door and had intercourse with her.

There was testimony that he invited Bernetta Garner, a young school girl, to enter his cabin by the same back door, saying that he would give her money if she did. She testified that when in the

cabin he raised her dress and handled and played with her, and afterwards gave her a small sum of money. The only objection made to the testimony was the general one that it was incompetent, irrelevant and immaterial. Cecil Hansen, another young school girl, testified that he had invited her into the cabin several times; that he had her come through the back door, then he locked the door, put his hand under her clothes and upon her person, and that he gave her money on these occasions. The only objection to her testimony was, that some of the questions were leading and suggestive, and most of these were sustained. The objection raised on this appeal is that the evidence tended to prove another offense than the one charged in the information. That objection was not made in the trial court, but was first mentioned in this appeal. Under the general rules objections to testimony first made on an appeal is not available as a ground of error. (*State v. Shanahan,* 114 Kan. 212, 217 Pac. 309; *State v. Fox,* 116 Kan. 180, 225 Pac. 1042.) Passing, however, the contention that the objections of defendant were not sufficiently specific to challenge the attention of the trial court, we still must hold that the testimony itself was admissible as against a specific objection. It was competent to show the lustful disposition of the defendant and the system used by him in taking indecent liberties with young girls, as he had with Ida Lovin. It tended to corroborate the charge upon which he was being tried. In a prosecution for statutory rape, it was held that:

"While the general rule is that one crime cannot be established by proof of other independent crimes, there are well recognized exceptions to the rule, and one of them is that in sexual offenses proof of prior and subsequent acts of intercourse are admissible to show the lustful disposition, the existence and continuance of the illicit relation, as these tend to explain the act charged and corroborate other testimony of the prosecution. The exception has been so frequently and thoroughly considered that there is no occasion for further consideration or comment." (*State v. Stitz,* 111 Kan. 275, 276, 206 Pac. 910.)

Defendant insists that the rule cannot apply to cases where the victims of defendant's lust are other than the one upon whom the rape charged was committed. In *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001, where defendant was charged with statutory rape with an infant, testimony that he had committed a like offense upon another girl about the same time was received, and it was held upon appeal that it was admissible to show a lustful disposition of the defendant, and thus supplement and corroborate other evidence that he had committed the offense charged.

Following the rule of these authorities it must be held that no error was committed in the reception of the testimony even if the objection made had been sufficiently specific.

The judgment is affirmed.