No. 35,216

THE STATE OF KANSAS, *Appellee*, v. JAKE FUNK, *Appellant*.

(118 P. 2d 562)

Opinion filed November 8, 1941.

*Jerry E. Driscoll* and *Harold W. McCombs,* both of Russell, for the appellant.

*Jay S. Parker,* attorney general, and *Floyd L. Kirkman,* county attorney, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendant was convicted of forcible rape, and appeals.

Before considering appellant's contentions we shall notice appellee's contention that appellant waived his right of appeal by reason of failure to comply with all the provisions of G. S. 1939 Supp. 62-1724, subdivision (b), which specifies what appellant shall do in the event he desires to have execution of his sentence stayed, or to be released from custody on bond pending his appeal. We do not think the statute was so intended and it should not be so construed. The appeal was taken within six months from the date of sentence, and if the stay of execution was not properly obtained the remedy of the state is not to have the appeal dismissed, but to have appellant incarcerated.

Appellant first contends the crime of rape was not established, for the reason the evidence failed to prove actual penetration. The contention is not good. The complaining witness was eighteen years of age, and according to undisputed medical testimony, was a virgin. The hymen was torn and was bleeding. She suffered great pain. We do not deem it necessary or desirable to spread upon the pages of the Kansas reports the details of other testimony relative to the subject of penetration. The evidence of the complaining witness and the testimony of the doctor who examined her shortly after the event occurred amply warranted submitting to the jury the question of actual penetration under proper instructions. Furthermore, it is not contended objection was made to the instruction when given. Nor is it now urged the instruction was erroneous or inadequate.

It is next urged the court erred in the admission of evidence over defendant's objection. Part of the testimony objected to pertains to the testimony of two other girls who testified to acts and conduct of the defendant designed to show his lustful disposition. Defendant had followed them on the streets of the town of Russell, and sought to induce them to get into his automobile. These two incidents occurred only a day or two before the incident now under consideration. It was in a similar manner that defendant followed the complaining witness and induced her to get into his car on the pretext that he would take her home. Another incident disclosing his lustful disposition occurred after the present incident. Defendant contends no crime was committed in connection with these other incidents and

the testimony was incompetent. It has been held such testimony is competent in sex cases for the purpose of showing the lustful disposition and the system used with other young girls in taking indecent liberties with them. (*State v. Jenks,* 126 Kan. 493, 494, 268 Pac. 850.) The testimony which disclosed defendant's attempt to pick up other young girls, in the same manner in which he had picked up the complaining witness also tended to corroborate, at least in part, the charge upon which he was being tried. (*State v. Jenks,* supra, p. 494.) Defendant concedes the testimony was admitted upon the theory it tended to show defendant's lustful disposition. That instruction is not before us and does not appear to have been challenged. Appellant, in fact, concedes he requested a similar instruction. It is not contended the instruction given did not properly limit the purpose for which the testimony might be considered by the jury.

Appellant urges that in any event the testimony concerning lustful disposition which pertained to an occasion six months after the date of the instant crime was incompetent and prejudicial. The mere fact it occurred after the crime charged in the instant case would not render it incompetent. (*State v. Jenks,* supra, p. 494.) The fact it occurred six months later might effect its weight, but that fact alone did not make it inadmissible. We may also note that in view of the character of the witness who testified concerning that incident, it is difficult to believe her testimony carried much weight, if in fact it carried any. The jury was quite fully apprised of her character and life.

Complaint is made concerning the fact the complaining witness was permitted, over defendant's objection, to testify relative to what she did and said when and shortly after she reached her home. The complaint is that she testified concerning a conversation she had with her mother; that she asked her mother to call a doctor, that her father called the sheriff; that she gave a description of the defendant and of defendant's car to her mother and to the sheriff; that she got the license number of defendant's car when he let her out of the car on the way back home and that she gave that description to her mother and to the sheriff. Appellant's contention is that these statements were all made out of defendant's presence and violated the rule against hearsay testimony.

The complaining witness did not testify that she narrated the details of the offense to her mother, father, sheriff or doctor. The witness did not undertake, while testifying, to detail the conversa-

tion she had with these parties after the return to her home. Her testimony simply was to the effect that she immediately told her mother what had happened and asked her mother to call a doctor; that her mother immediately called a doctor; that her mother told her father what had happened and her father called the sheriff; that her mother gave the sheriff a description of the man and of his car; that she gave the sheriff a description of the man and of his car later that same evening.

The complaining witness was picked up by the defendant on her way home in the town of Russell at approximately 6:05 p. m., and was taken a short distance out of town against her wishes. She returned home at approximately seven o'clock p. m. Her mother was ill and in bed. The daughter immediately told her mother what had occurred and the other events followed in rapid succession. All of the statements complained of were made while the daughter was still suffering from an extreme nervous shock. She was still in that condition when the doctor examined her at approximately 7:30 that evening. The doctor gave her a sedative to relieve her nervous condition. There was no reason to believe her statements were other than voluntary and spontaneous. We think they were competent as a part of the res gestae. (State v. McCrady, 152 Kan. 566, 568, 106 P. 2d 696.) Moreover, the testimony was not proof of the commission of the crime but only proof of the fact that certain things had been said and done by the witness immediately following its commission. They were competent for that purpose. (Mills v. Riggle, 83 Kan. 703, 708, 112 Pac. 617; Malone v. New York Life Ins. Co., 148 Kan. 555, 558-559, 83 P. 2d 639; 20 Am. Jur., p. 404, § 457.) It is not contended the instruction touching the purpose of this evidence was erroneous. They really constituted merely a narrative of a chain of circumstances. The fact she promptly gave her mother and sheriff a description of the car and the man, who was a stranger to her, disclosed a perfectly normal and proper reaction. It tended to show she had not consented to the act and wanted her assailant prosecuted. The information was essential to the sheriff in making a speedy apprehension of the defendant. The defense was an alibi and involved the identity of the defendant. Her description of the man and of his car tended to show that she could identify the defendant, if apprehended. The description given promptly, as it was, and while she was still suffering from a severe nervous shock, strengthened her subsequent testimony on the sub-

ject of identification. It seems to us there was nothing seriously wrong with this testimony. It did not constitute reversible error.

Complaint is made that the mother of the complaining witness was permitted to testify that the doctor was called and that the sheriff came to her home and that the description of appellant and his car, which the mother had received from her daughter, was given to the sheriff. The court admitted this line of testimony on the ground it constituted a chain of events and not details of a conversation. Appellant relies upon *State v. Hoskinson*, 78 Kan. 183, 96 Pac. 138, and *State v. McLemore*, 99 Kan. 777, 164 Pac. 161, rape cases, and other similar authorities. They are not in point. In the instant case the name of the person who was charged with committing the offense was never mentioned by the witness. His name was unknown to both the daughter and the mother. He was a complete stranger to both of them. The mother did not narrate any of the details involved in the unlawful act. There is no contention the court did not properly instruct upon this phase of the case and appellant's contention is not well taken. Objection is made to other testimony which consisted primarily of a chain of events in the efforts of the sheriff to apprehend the assailant. There was also objection to a small amount of testimony which pertained to the facial expression and demeanor of appellant shortly after the time he was brought into the county attorney's office and when the complaining witness, in response to an inquiry stated positively, "that is the man." While the last-mentioned evidence, strictly speaking, may not have been admissible, we do not regard the testimony of sufficient importance to justify the granting of a new trial. The important thing about the occasion in question was that when the complaining witness once saw the appellant, no doubt existed in her mind touching his identity.

Appellant urges a new trial should have been granted for the reason the court bailiff, clerk of the district court and the sheriff were in the presence of the jurors at an evening meal and on the way to and from the meal. The sheriff was one of the state's witnesses. Fairness to all parties concerned, of course, requires that nothing should be permitted to occur in connection with a trial which in anywise would tend to result in prejudice or an unfair advantage. Experienced trial lawyers and courts, of course, know that things frequently happen in the trial of a lawsuit which should not occur, and which the lawyers themselves would seek to prevent if they

learned of them in time. But does every event of that character require the granting of a new trial? Obviously it does not. If the instant record disclosed any conversation or act on the part of the persons, or any of them, who were in the presence of the jury on that occasion which tended to prejudice the rights of the defendant, we should regard the complaint as serious. There is, however, not the slightest indication or suggestion in the record which warrants the conclusion or an inference of such conduct. In the total absence of such a showing, we would not be justified in upsetting the verdict.

Appellant stresses the strength of the alibi testimony. He insists the alibi witnesses were all respectable characters and that they could not have been mistaken in their testimony. It is true the alibi testimony was substantial. It clearly raised a sharp issue of fact. The jury, however, resolved that issue in favor of the state, and we cannot say, as a matter of law, it was obliged to reach a contrary conclusion.

There is no error in this record of sufficient consequence to require a new trial, and the judgment is affirmed.