No. 38,602

The State of Kansas, *Appellee,* v. D. A. Whiting, *Appellant.*

(252 P. 2d 884)

Opinion filed January 24, 1953.

*Joe W. Moss,* of Independence, argued the cause and *John F. O'Brien,* of Independence, was with him on the briefs for the appellant.

*Glenn T. Crossan,* deputy county attorney, argued the cause and *Harold R. Fatzer,* attorney general and *Roy Kirby,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J: The defendant was charged with lascivious behavior in one count and assault and battery in the second count. He was convicted on the first count. He appeals.

At the close of the evidence the defendant filed a motion for a new trial on ten grounds. It was denied. The specifications of error were that the trial court erred in overruling the motion for a new trial; that the verdict was contrary to the evidence; erroneous rulings in regard to the admission of evidence; abuse of discretion; defendant was found guilty of an act with which he was not charged; the verdict was inconsistent; admission of illegal testimony; and the verdict was contrary to law.

Defendant in his brief states the question as follows: Does the record as a whole support a finding that the defendant was guilty of an offense; did the court err in admitting the evidence of Terry Nice and Penny Peterson and in refusing to strike their testimony; did the failure of the jury to convict under the second count operate as a discharge under the first count; was the verdict responsive to the crime charged; did the court err in regard to the admission of Ella Biggerstaff; did remarks of the county attorney during the closing argument prejudice the rights of defendant?

Defendant first argues the record as a whole did not support the finding the defendant was guilty of any offense. In this argument defendant really asks us to re-examine the evidence and reach a conclusion other than was reached by the jury. The acts with which defendant was charged were alleged to have taken place on the person of a seven-year-old girl in a garage in the daytime while other people were in the immediate vicinity. On this question defendant does not favor us with any authorities. We doubt if any could be found. The little girl testified to the acts of defendant. Her testimony constituted substantial evidence of the guilt of the defendant. The defendant did not ask to be discharged at the close of the state's evidence. One of the grounds for a new trial was that the verdict was contrary to the evidence. There was ample evidence to warrant the trial court in concluding that ground was not good.

The next question argued by defendant was that the trial court erred in admitting the testimony of Terry Nice and Penny Peterson. These were two other little girls, one eight and the other six years

old. They both testified without objection as to character of evidence to similar acts committed against them some months before. Defendant argues this evidence was not admissible because it tended to show that he had committed another crime unconnected with the one for which he was on trial. All concede such to be the general rule. The exceptions to it, however, are entitled to as much weight as the rule itself. One of these exceptions is that when a defendant is on trial for a sexual offense similar offenses may be introduced for the purpose of showing the lustful disposition or nature of the defendant. (See *The State v. Waldron,* 118 Kan. 641, 236 Pac. 855; *State v. Funk,* 154 Kan. 300, 118 P. 2d 562; *State v. Jenks,* 126 Kan. 493, 268 Pac. 850; also *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001.) The testimony of these two witnesses was admissible under the above exception.

Under his argument on this question, defendant also maintains the little girls should not have been permitted to testify on account of their age. Here he relies on our statute which provides what persons shall be incompetent to testify. One of the sections is G. S. 1949, 60-2805, second subparagraph. There it is provided:

"Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly."

When the testimony of these witnesses was offered counsel for the state asked them preliminary questions touching their qualifications to testify. At the close of these preliminary questions counsel for defendant objected to it on the ground the witness had not shown herself qualified to answer as a witness. This objection was overruled in each case. Whether the witnesses appeared incapable of receiving just impressions of the facts was addressed to the discretion of the trial court. (See *State v. Gaunt,* 98 Kan. 186, 157 Pac. 447; *The State v. Douglas,* 53 Kan. 669, 37 Pac. 172; *Devine v. Heckman,* 121 Kan. 22, 245 Pac. 1037; also 58 Am. Jur. 97.)

Under this heading defendant points out that these three witnesses were not sworn and argues the trial court erred in permitting them to testify. He points out G. S. 1949, 60-2829. This section provides:

"Before testifying, the witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administering an oath shall be such as is most binding on the conscience of the witness. An interpreter may be sworn to interpret truly, whenever necessary."

No one would argue that witnesses should not be sworn before being permitted to testify. The question we have here, however, is not so easy to answer. The defendant's objection to the little girl being allowed to testify was on the ground that she had not shown herself sufficiently qualified to answer as a witness. This was not based on the fact that she had not been sworn but on her age. There was no objection based on the fact that she had not been sworn. At the close of the last one of these two witnesses to testify defendant moved that the testimony of both be stricken on the ground it was incompetent, irrelevant and immaterial and not tending to prove any of the issues in the case. This was based on the age of the witnesses and the fact that the testimony tended to prove another offense. The fact these witnesses had not been sworn was not called to the attention of the trial court. The fact was not among the ten grounds upon which the defendant asked for a new trial. This was not included among the specifications of error here. It is well settled that an alleged error to avail defendant must be called to the attention of the trial court and that court be given an opportunity to correct the error. Here there was a real question about the qualifications of these two witnesses on account of their age. This was explored thoroughly by counsel for both parties as well as the court. Thus it appears the only real question bearing on the admissibility of this evidence was presented to the trial court. This question of the failure to swear the witnesses was not presented. Every one connected with the case knows that if the court's attention had been called to it the court would have ordered them sworn. The defendant does not argue here that the failure had any bearing whatever on their testimony. In *Mortgage Co. v. Epp,* 99 Kan. 706, 162 Pac. 1170 we said:

"The weight of authority is that the omission to swear a witness must be objected to at the trial. (See *State v. Hope,* 100 Mo. 347; *City of O'Neill v. Clark,* 75 Neb. 760, 764; *Moore v. State,* 96 Tenn. 209; *Goldsmith v. The State,* 32 Tex. Cr. App. 112.)"

We quoted *Southern Railway Co. v. Ellis,* 123 Ga. 614, where it was said:

"If the omission is noted in time the witness may then be sworn and corroborate his previously unsworn testimony."

(See, also, 58 *Am. Jur.* 307, Par. 550.)

The rule is stated here:

"The oath requisite to qualify a person as a witness may be waived by competent parties in interest either expressly or by going forward in the matter

without inquiry or objection. When, however, there is no waiver and an unsworn witness is permitted to give material testimony, a ground for a new trial exists.

"Irregularity in failing to swear a witness is waived where he is permitted to testify without objection interposed, unless, according to some authorities, the fact was unknown at the time."

(See, also, *State v. Wassenberg*, 114 Kan. 692, 220 Pac. 214; *State v. Shanahan*, 114 Kan. 212, 217 Pac 309; *State v. Morris*, 124 Kan. 505, 260 Pac. 629; also *State v. Bell*, 121 Kan. 866, 250 Pac. 281.)

We hold the failure of these witnesses to be sworn cannot be made the basis for a reversal of the judgment in this case.

The next question argued by defendant is that when the jury failed to find him guilty of assault and battery as charged in the second count, that operated as a verdict of not guilty of lascivious conduct as alleged in the first count. He bases this argument on the fact that both counts arose out of the same transaction with the little girl. That statement is not quite correct. The facts relied on by the state were that, as the complaining witness testified, he put her hand on his private parts and asked her to "scratch it" while at the same time he put his hand inside her panties on her private parts. The jury could very well have believed her story, about his putting her hand on his private parts which would be the charge in the first count and not believed it as to his putting his hand inside her panties. There were distinctive elements of each offense. There was nothing inconsistent about the verdict. (See *State v. Learned*, 73 Kan. 328, 85 Pac. 293; also *Wiebe v. Hudspeth*, 163 Kan. 30, 180 P. 2d 315.)

Defendant next argues that the verdict was not responsive to the offense charged. Count one was for a violation of G. S. 1949, 21-908. That section provides in part as follows:

"Every person who shall be guilty of . . . gross lewdness, or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous . . ."

The verdict found the defendant guilty of lewd conduct, "all in the manner and form charged in the first count of the complaint." The words of the charge were that "defendant was . . . guilty of lascivious behavior." The point made by defendant is that the statute says "lewdness or lascivious behavior" while the verdict said "lewd conduct." He argues therefore that the verdict did not convict him of the offense charged. The verdict did find him guilty as charged in the first count. The difference between "lascivious behavior" and "lewd conduct" is too fine a distinction. At any rate, there was only

one offense charged on this phase of the case. Actually the words "lewd conduct" in the verdict were surplusage. The verdict would have been good if it had simply found the defendant guilty as charged in the first count of the complaint.

Defendant next argues that the trial court erred in admitting certain rebuttal testimony. The defendant had introduced evidence that he had a good reputation for being a peaceable law abiding citizen. On rebuttal the state produced a witness who was asked to state what defendant's reputation was for chastity and morality. This was objected to by defendant. The objection was overruled. Defendant argues this was error. The basis of his argument is that the state was limited to asking witnesses about the reputation of defendant for being a peaceable law abiding citizen. He bases this argument on what we held in *The State v. Frederickson*, 81 Kan. 854, 106 Pac. 1061. The defendant had been a city marshal and was charged with murder of a man while putting him under arrest. In his defense he introduced witnesses who testified to his good reputation for being a peaceable law abiding citizen. In rebuttal the state introduced witnesses who testified to specific incidents demonstrating his conduct to be other than peaceful and law abiding. We held it was error for the court to admit this testimony. We said that in such a situation the state was limited to testimony regarding the defendant's general reputation for possession of the traits involved. We find no fault with that rule. It was not violated here. Both the defendant and the state asked their witnesses to testify as to the general reputation of defendant for the traits involved. There is not too much difference between a man's reputation for being "peaceable and law abiding" and that for "chastity" and "morality." Actually defendant's reputation for chastity and morality was an element in his reputation for being peaceable and law abiding.

Defendant next argues that the trial court erred in admitting the testimony of one of the state's rebuttal witnesses. The argument is based on the fact that when this witness was first put on the stand she apparently was confused as to the meaning of the question. The trial court and counsel asked her some questions tending to clarify the matter for her. She was then permitted to testify. A matter of this sort rests in the discretion of the trial court. This discretion was not abused.

Defendant next argues that remarks of the county attorney in his closing argument prejudiced his rights. One of these remarks was "this little girl told that story to you just the same as she did in

the other court." He also made a statement that defendant had been fired as a minister for messing around with little girls. Defendant argues there was no evidence in the record to justify either one of these remarks. This is hardly a correct statement. There had been a former trial of this action in the city court. When the little girl involved in this action had finished her testimony in the trial of this case she was asked "Is that the same story you told the court before when he was sitting on the bench here?" Her answer was "Yes, sir." No objection to this question and answer was made. This was evidence to warrant the county attorney in making the remark. As to the remark that defendant had been fired as a minister for messing around with little girls, the defendant was cross-examined at length about this when he took the stand in his own behalf. He never did absolutely deny that this was the case. There was some justification for the county attorney's remark.

Besides the above reasons, counsel for defendant concedes that when he objected to these remarks the trial court at once admonished the jury not to consider them. Such an admonishment cured the error, if there ever was one.

The judgment of the trial court is affirmed.