IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,834

STATE OF KANSAS,
*Appellee*,

v.

KENNETH BOYSAW,
*Appellant*.

SYLLABUS BY THE COURT

1.

The State may rely on circumstantial evidence to meet its burden of proving that a defendant's conduct was motivated by the intent to arouse or satisfy the defendant's sexual desires.

2.

The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before a statute may be stricken down it must clearly violate the defendant's rights secured by the constitution.

3.

A statute violates federal constitutional due process rights when it offends a principle of justice so rooted in the traditions and conscience of the people as to be ranked as fundamental. The primary guide in determining whether a principle in question is fundamental is historical practice.

1

4.

Kansas has a long history of allowing the admission of evidence tending to show a propensity to engage in sexual misconduct or illegal sexual activities.

5.

K.S.A. 2018 Supp. 60-455(d) does not offend any principle of justice so rooted in the traditions and conscience of the people of Kansas that it must be deemed fundamental.

6.

When a party does not preserve or adequately argue an issue on appeal, the issue is deemed waived.

7.

When a party seeks to introduce evidence showing that the defendant committed another act or offense of sexual misconduct, the material fact that the evidence is introduced to prove must be disputed and the probative value of the evidence must outweigh its potential for producing undue prejudice.

8.

In evaluating the probative value of evidence of other crimes or civil wrongs, the district court should consider, among other factors:  how clearly the prior act was proved; how probative the evidence is of the material fact sought to be proved; how seriously disputed the material fact is; and whether the government can obtain any less prejudicial evidence.

9.

In evaluating the possible prejudicial effect of evidence of other crimes or civil wrongs, the district court should consider, among other factors: the likelihood that such evidence will contribute to an improperly based jury verdict; the extent to which such evidence may distract the jury from the central issues of the trial; and how time consuming it will be to prove the prior conduct.

Review of the judgment of the Court of Appeals in 52 Kan. App. 2d 635, 372 P.3d 1261 (2016). Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 19, 2019. The judgment of the Court of Appeals affirming the district court is affirmed. The judgment of the district court is affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Kenneth Boysaw challenges his conviction and sentence for one count of aggravated indecent liberties with a child. Finding no error, we affirm his conviction.

FACTS

The relevant history of this case began almost four decades ago. In 1979, Boysaw pleaded guilty in Shawnee County, Kansas, to attempted indecent liberties with a child. Then, in 1987, he was convicted in Nebraska of sexual assault on a nine-year-old

3

neighbor girl, and the conviction was affirmed on appeal. *State v. Boysaw*, 228 Neb. 316, 422 N.W.2d 346 (1988).

Boysaw subsequently moved to Wichita, Kansas. On April 21, 2013, six-year-old G.E.M. was visiting her grandfather's house with her mother, her mother's fiancé, and G.E.M.'s sister. Boysaw, a neighbor of the grandfather, was also present. The family had known Boysaw for about a year and considered him a friend, referring to him as "Uncle Kenny." Boysaw owned a scooter, and the girls spent part of the day riding around the block on it. G.E.M. was riding the scooter and collided with a trash can, resulting in a small scratch on her shoulder. Boysaw asked her if she wanted to have some popcorn and, when she said yes, invited her into his house.

G.E.M.'s mother went to check on her, and, not finding her outside, walked over to Boysaw's house. The front door was open, and, seeing that her daughter was in the house, she started to walk in. From the doorway she realized that G.E.M. was sitting on Boysaw's lap, facing away from him. G.E.M.'s mother shouted for her fiancé, and G.E.M. stood up; G.E.M.'s mother then told her to go get the fiancé, and G.E.M. walked out the door. About 15 seconds after G.E.M. left, Boysaw stood up and fastened his pants. G.E.M.'s mother then called 911, and police showed up at the scene.

G.E.M.'s mother took G.E.M. to a nearby hospital, where a nurse specializing in sexual assault victims examined the girl. G.E.M. told the nurse that Boysaw touched her "down here" and pointed to her vaginal area. G.E.M. also told the nurse that the encounter with Boysaw "hurt." The nurse conducted a full-body examination, including swabs for genetic material, and, except for a slight scratch, discovered no physical evidence of bodily injury or foreign biological fluids.

4

On April 24, 2013, the State filed a complaint charging Boysaw with one count of aggravated indecent liberties with a child under K.S.A. 2012 Supp. 21-5506(b)(3)(A), (c)(3). On September 16, 2013, Boysaw filed a motion in limine asking that the State be barred from introducing any evidence of his criminal history or uncharged conduct. In response, the State filed a motion to admit evidence of prior conduct under K.S.A. 60-455 in order to show Boysaw's propensity to commit the charged offense. Following a hearing, the court granted the State's motion in part. The court specifically found that the probative value of the proffered evidence was not outweighed by the prejudicial effect of the evidence. The court allowed the State to introduce evidence of the Nebraska crime for the purposes of showing both propensity and motive or intent and absence of mistake. The court barred the State from introducing evidence of the Shawnee County conviction.

ANALYSIS

Although the defense presented no witnesses, Boysaw's counsel asserted a theory that Boysaw was merely checking G.E.M. for injuries from the fall from the scooter and that any touching of her private parts was accidental. A jury found Boysaw guilty as charged, and the court sentenced him to a term of life without parole. The Court of Appeals affirmed the conviction in *State v. Boysaw*, 52 Kan. App. 2d 635, 372 P.3d 1261 (2016).

*Sufficiency of the Evidence*

K.S.A. 2018 Supp. 21-5506(b)(3) defines aggravated indecent liberties with a child as "engaging in any of the following acts with a child who is under 14 years of age: (A) Any lewd fondling or touching of the person of either the child or the offender, done

5

or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

The jury was instructed to find these elements, in particular, that Boysaw "engaged in lewd fondling or touching of GEM, with the intent to arouse or to satisfy the sexual desires of the defendant." Boysaw argues on appeal that the State failed to provide evidence showing that his conduct was intended to arouse or satisfy his sexual desires. He suggests that any contact with G.E.M.'s body could have been inadvertent or accidental, and the State never proved the contact was intentional and intended to satisfy his sexual desire.

The evidence of intent was generally circumstantial. The State may rely on circumstantial evidence to meet its burden of proving that a defendant's conduct was motivated by the intent to arouse or satisfy the defendant's sexual desires. *State v. Clark*, 298 Kan. 843, 850, 317 P.3d 776 (2014).

Boysaw's contention notwithstanding, the record contained substantial evidence from which a rational juror could have concluded beyond a reasonable doubt that Boysaw was seeking to arouse or to satisfy his sexual desires. G.E.M. testified at the trial. She told the jury that she was sitting on the couch facing away from Boysaw, and he "was messing with me." He "was doing something bad to me." She explained that this meant he was "touching where he shouldn't be touching," which was her "private part," the place "[w]here we go potty at." He was "rubbing" her potty with his whole hand.

G.E.M.'s mother testified at trial that G.E.M. was sitting on Boysaw's lap, with her pants and underwear down around her ankles. His hands were positioned on G.E.M.'s waist, one hand on each hip. When G.E.M. stood up, her mother noticed that Boysaw's

6

pants were undone and she could see his undershorts. When he stood up, she observed him adjust his penis through his undershorts so that he could fasten his pants.

When G.E.M. had suffered an injury to her shoulder, it was reasonable for the jury to conclude that her sitting on Boysaw's lap with her pants and underwear pulled down would serve no purpose other than to provide him with sexual gratification. "Rubbing" her genitals would be inconsistent with incidental contact. G.E.M.'s mother's testimony that she saw Boysaw having to "adjust" his penis before he could fasten his pants reinforces the circumstantial evidence that he was engaging in conduct that he found sexually arousing. The evidence may have been circumstantial, but it was compelling. And it was far more than sufficient to prove the elements of the crime.

*Constitutionality of K.S.A. 2018 Supp. 60-455(d)*

K.S.A. 2018 Supp. 60-455 governs the admissibility of evidence of other crimes or civil wrongs. Subsection (a) states that evidence showing that a person committed a crime or civil wrong on one occasion "is inadmissible to prove such person's disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion."

This was the core of the law in effect in 2009, when this court issued *State v. Prine*, 287 Kan. 713, 200 P.3d 1 (2009) (*Prine I*). In *Prine I*, the State introduced evidence that the defendant had engaged in sexual abuse of the victim's half-sister. The *Prine I* court held that such evidence was not admissible under K.S.A. 60-455 because it tended to show propensity to commit the crime at issue and it did not satisfy other valid statutory grounds for admitting prior bad acts evidence. The court suggested, however, that such evidence could be valuable to a jury and that the Legislature might provide an exception to the exclusion of propensity evidence:

"It is at least ironic that propensity evidence can be part of the support for an indefinite civil commitment, but cannot be part of the support for an initial criminal conviction in a child sex crime prosecution.

"Of course, the legislature, rather than this court, is the body charged with study, consideration, and adoption of any statutory change that might make K.S.A. 60-455 more workable in such cases, without doing unconstitutional violence to the rights of criminal defendants. It may be time for the legislature to examine the advisability of amendment to K.S.A. 60-455 or some other appropriate adjustment to the statutory scheme." 287 Kan. at 737.

*Prine I* was issued in January 2009. That same year, the Legislature amended the statute to include a new section (d), which governs prior acts of sexual misconduct:

"Except as provided in K.S.A. 60-445, and amendments thereto, in a criminal action in which the defendant is accused of a sex offense under articles 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto, evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." L. 2009, ch. 103, § 12.

The effect of this provision is to allow a jury to consider similar prior conduct for the purpose of determining whether a defendant has a propensity to engage in the conduct charged in the case on trial.

Prine was retried, and the evidence was admitted under the newly enacted paragraph of K.S.A. 60-455. He again appealed, and this court addressed federal constitutional claims in *State v. Prine*, 297 Kan. 460, 303 P.3d 662 (2013) (*Prine II*). The court upheld the conviction over claims that the newly amended statute violated federal

ex post facto prohibitions. The court examined the conditions that could render a procedural change unconstitutional and concluded that new section (d) did not attach criminality to any act previously done that was innocent when it was done, did not aggravate any crime theretofore committed, did not provide greater punishment than was prescribed at the time the crime was committed, and did not alter the degree or lessen the quantity or measure of the proof necessary for conviction when the crime was committed. 297 Kan. at 470-71 (citing *Carmell v. Texas*, 529 U.S. 513, 543, 120 S. Ct. 1620, 146 L. Ed. 2d 577 [2000]; *Thompson v. Missouri*, 171 U.S. 380, 381, 18 S. Ct. 922, 43 L. Ed. 204 [1898]). The court noted that the fact that a change in the law may work to the defendant's disadvantage does not, by itself, make the amendment unconstitutional. 297 Kan. at 471.

In his pretrial motion in the present case, Boysaw argued that admission of the propensity evidence would violate his right to a fair trial guaranteed by the United States Constitution. He also mentioned, in passing, that such evidence would violate state constitutional protections. Although the appellate briefing interweaves the federal and state constitutional arguments, we choose to address the objections under the two constitutions separately. Our review on both grounds is de novo. See *State v. Limon*, 280 Kan. 275, 283, 122 P.3d 22 (2005). The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before a statute may be stricken down it must clearly violate the defendant's rights secured by the constitution. See, e.g., *State v. Hill*, 189 Kan. 403, 407, 369 P.2d 365 (1962).

### A. Federal Constitutional Due Process

To establish a federal due process violation, a party has the burden of demonstrating that the challenged statute or rule violates those "'fundamental conceptions of justice which lie at the base of our civil and political institutions . . . and which define

"the community's sense of fair play and decency."'" *Dowling v. United States*, 493 U.S. 342, 352-53, 110 S. Ct. 668, 674, 107 L. Ed. 2d 708 (1990); *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977).

The Supreme Court has not decided and has expressly reserved the question of whether a state law admitting propensity evidence violates the federal Due Process Clause. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Most state and federal courts that have considered the question have found no violation of essential federal constitutional rights in the admission of propensity evidence. See, e.g., *People v. Falsetta*, 21 Cal. 4th 903, 915-22, 89 Cal. Rptr. 2d 847, 986 P.2d 182, (1999) (state statute admitting propensity evidence of sex crimes does not violate due process); *People v. Donoho*, 204 Ill. 2d 159, 179-82, 788 N.E.2d 707 (2003) (state statute admitting propensity evidence of sex crimes constitutional under the federal and Illinois Constitutions); *State v. Williams*, 357 Or. 1, 346 P.3d 455 (2015) (no federal due process violation in admitting propensity evidence when procedural safeguards screen out evidence of relatively little probative and relatively great prejudicial danger); *Belcher v. State*, 474 S.W.3d 840 (Tex. App. 2015) (procedural safeguards suffice to satisfy constitutional requirements).

Federal Rule of Evidence 403 permits a court to exclude relevant evidence if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Federal Rule 413 broadly allows the admission of evidence of other sexual assaults by the defendant when the defendant is accused of sexual assault. In matters of child molestation, Federal Rule 414(a) similarly allows, for consideration of any matter to which it is relevant, evidence that the defendant committed any other child molestation.

10

These rules have consistently withstood due process challenges. See, e.g., *United States v. Schaffer*, 851 F.3d 166, 179-80 (2nd Cir. 2017) (admission of evidence of prior sexual assaults on minors does not violate defendant's due process rights in prosecution for coercing minor to engage in illegal sexual activity: weighing of probative value against unfair prejudice provides adequate safeguard); *Leavitt v. Arave*, 383 F.3d 809, 829 (9th Cir. 2004), *cert. denied* 545 U.S. 1105 (2005) (admission of other acts evidence renders trial fundamentally unfair when evidence "goes only to character and 'there are *no* permissible inferences the jury may draw' from it"; such evidence does not in itself necessarily render trial so fundamentally unfair as to deny due process); *United States v. LeMay*, 260 F.3d 1018, 1026-27 (9th Cir. 2001) (admission of defendant's other instances of molestation does not violate his due process rights; "[a]s long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded"); *United States v. Castillo*, 140 F.3d 874, 881-83 (10th Cir. 1998) (Rule 414 does not violate due process because of Rule 403 safeguards and because history of admitting sexual propensity evidence suggests its exclusion is not so rooted in legal custom as to be regarded fundamental); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (Rule 413 does not on its face violate the due process rights of a defendant because of built-in safeguards).

Keeping in mind the widespread acceptance of special rules allowing propensity evidence in prosecutions for sex crimes, we look to whether the Kansas statute in particular violates constitutional fairness requirements.

A statute violates due process when it offends a principle of justice so rooted in the traditions and conscience of the people that it must be deemed fundamental. See *Patterson v. New York*, 432 U.S. 197, 201-02, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977). The primary guide in determining whether a principle in question is fundamental is

11

"historical practice." *Montana v. Egelhoff*, 518 U.S. 37, 43-44, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996).

Kansas has a long history of allowing propensity evidence in these kinds of cases.

In *State v. Borchert*, 68 Kan. 360, 361, 74 P. 1108 (1904), the court held that evidence showing "a course of illicit commerce between the sexes" is an exception to the rule that a prior conduct is not admissible for the purpose of enabling the jury to infer that, because the defendant "had committed one crime he would be likely to commit another." 68 Kan. at 361. The court qualified that statement by arguing that such evidence essentially goes to prove the commission of the crime at issue, when many sex crimes lack concrete evidence that a crime was committed, and the propensity evidence therefore is more demonstrative and necessary than propensity evidence in other kinds of prosecutions. 68 Kan. at 362.

In *State v. Waldron*, 118 Kan. 641, 649, 236 P. 855 (1925), the court allowed the admission of letters demonstrating the defendant

> "had the mind of a vulgar libertine, so far removed from the mental and moral standards required of a minister of the gospel as light is from darkness, and of course, the letters tended to discredit his asseverations of innocence by revealing with damning clarity his grossly indelicate attitude towards young women of his congregation with whom his ministerial calling gave him special and trusted social contacts."

In *State v. Funk*, 154 Kan. 300, 302, 118 P.2d 562 (1941), the defendant was convicted of forcible rape after he induced his victim to go for a ride in his car. This court found no error in the admission of the testimony of other young women who stated that the defendant followed them and attempted to induce them to get into his car. The evidence was "designed to show his lustful disposition." 154 Kan. at 301.

12

The common law history of admitting propensity evidence in sex crime prosecutions suggests that the principle of excluding such evidence is not so imbedded in the Kansas legal tradition as to take on a constitutional dimension. As the Tenth Circuit noted in *Castillo*,

"[T]he history of evidentiary rules regarding a criminal defendant's sexual propensities is ambiguous at best, particularly with regard to sexual abuse of children. The existence of this ambiguity does not leave us uncertain of the constitutional result, however; rather, it favors the government. As the Supreme Court stated in *Egelhoff*, [518 U.S. at 47], 'It is not the [government] which bears the burden of demonstrating that its rule is "deeply rooted," but rather [the defendant] who must show that the principle of procedure violated by the rule (and allegedly required by due process) is "so rooted in the traditions and conscience of our people as to be ranked as fundamental."' 140 F.3d at 881-82.

It thus was not common law or constitutional considerations that led to a bar on admitting sexual propensity evidence; it was legislative action. In 1963, the Legislature placed limitations on the purposes for which evidence of prior misconduct could be used when it enacted K.S.A. 60-455. L. 1963, ch. 303. See *State v. Taylor*, 198 Kan. 290, 292, 424 P.2d 612 (1967) (K.S.A. 60-455 made "lustful disposition" evidence inadmissible, notwithstanding its admissibility at common law.). In 2009, the Legislature reversed its earlier ban on propensity evidence in sex crime prosecutions. What the Legislature gave, the Legislature may take away.

Boysaw urges this court to follow the lead of two other states, Iowa and Missouri, which have held that the use of propensity evidence violated constitutional fair-trial mandates based on long-standing state bars to the admission of such evidence. See *State v. Cox*, 781 N.W.2d 757 (Iowa 2010); *State v. Ellison*, 239 S.W.3d 603, 607-08 (Mo. 2007). In *Cox*, the Iowa Supreme Court traced a different history of the use of propensity

13

evidence in that state. It therefore serves as an inapt precedent for this court. Likewise, the Missouri Supreme Court has construed its constitution to prohibit propensity evidence because such evidence violates a defendant's right to know the nature of the crime of which the defendant is accused. Kansas does not have a similar history of locating a bar to propensity evidence in its constitution.

The history of the use of propensity evidence in Kansas, coupled with the procedural safeguard of weighing the probative against the prejudicial effect of the evidence, leads us to conclude that K.S.A. 2018 Supp. 60-455(d) does not offend any principle of justice so rooted in the traditions and conscience of the people of this state that it may be deemed fundamental. K.S.A. 2018 Supp. 60-455(d) does not violate federal constitutional protections.

### B. *Kansas Constitution Bill of Rights*

Boysaw also couched his argument in terms of the Kansas Constitution. Although he urges this court to rely on our state Constitution to strike down K.S.A. 2018 Supp. 60-455(d), he does not explain what distinguishes analysis under our state constitutional provisions from analysis under similar federal constitutional provisions. When arguing his cause in district court, he made only passing mention of the Kansas Constitution without elaborating on what sections he considered to be offended by the propensity evidence statute.

On appeal, he directs our attention to sections 10 and 18 of the Kansas Constitution Bill of Rights.

Section 10 of the Kansas Constitution Bill of Rights states:

14

"In all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory process to compel the attendance of the witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

Section 18 of the Kansas Constitution Bill of Rights states: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law."

Boysaw points to nothing in the history of the Kansas Constitution or in our caselaw that would suggest a different analytic framework for questions of fundamental fairness, due process, or double jeopardy. He points to analysis of the Iowa Constitution in *Cox*, but *Cox* applied federal rules for construing the dimensions of due process. In short, Boysaw does not articulate grounds explaining why a different result should follow if state, rather than federal, guidelines are to govern the constitutionality of propensity evidence.

Boysaw did not give the state constitutional argument sufficient substance for the district court to consider it, and, on appeal, he conflates the state argument with the federal one. When a party does not preserve or adequately brief an issue, we deem it waived. See, e.g., *State v. Kingsley*, 299 Kan. 896, 900, 326 P.3d 1083 (2014); see also *State v. Thomas*, 288 Kan. 157, 159-60, 199 P.3d 1265 (2009) (merely mentioning constitutional concepts without elaborating on them and changing the constitutional theory on appeal precludes effective appellate review). We therefore do not decide this question at this time.

15

As possible considerations for any future argument on this issue, we note that the Kansas Constitution Bill of Rights, including sections 10 and 18, was largely modeled on the Ohio Constitution. *Brown v. Wichita State University*, 219 Kan. 2, 12, 547 P.2d 1015 (1976); *In re Oberst*, 133 Kan. 364, 367, 299 P. 959 (1931). Ohio has a statute that resembles K.S.A. 2018 Supp. 60-455 in allowing evidence of prior misconduct for the purpose of showing motive, intent, absence of mistake, or scheme or plan. See Ohio Rev. Code Ann. § 2945.59. Ohio does not, however, have a statutory provision allowing such evidence strictly for the purpose of demonstrating propensity. See *State v. Williams*, 134 Ohio St. 3d 521, 524-26, 983 N.E.2d 1278 (2012); *State v. Hart*, 118 N.E.3d 454 (Ohio App. 2018). Furthermore, our cursory research fails to disclose any common law exception in Ohio allowing evidence akin to "lustful disposition" for purposes of establishing propensity to commit sex crimes.

We also note that section 18 of the Kansas Constitution Bill of Rights did not create new rights but merely recognized systems of laws established prior to the adoption of the Constitution. *Brown*, 219 Kan. at 10.

Historically, our courts have analyzed sections 10 and 18 as coextensive with their federal counterparts. See, e.g., *State v. Wilkinson*, 269 Kan. 603, 608-09, 9 P.3d 1 (2000) (applying same analysis to federal due process challenge and section 18 challenge); *Murphy v. Nelson*, 260 Kan. 589, 597-98, 921 P.2d 1225 (1996) (court declines to construe section 18 differently from federal constitutional due process protections and applies federal law to section 18 challenge); *State v. Morris*, 255 Kan. 964, 981, 880 P.2d 1244 (1994) (provisions of section 10 "grant no greater protection against self-incrimination than is afforded by the Fifth Amendment to the United States Constitution"); *State v. Busse*, 231 Kan. 108, 110, 642 P.2d 972 (1982); *State v. Haze*, 218 Kan. 60, 62, 542 P.2d 720 (1975); *Hill*, 189 Kan. at 411-12; *State v. Blanchette*, 35

16

Kan. App. 2d 686, 699, 134 P.3d 19 (2006) (caselaw demonstrates "the protections given under both constitutions with regard to confronting witnesses are the same").

Any future challenge to the admission of propensity evidence under K.S.A. 2018 Supp. 60-455(d) that is based on state constitutional provisions will need to explain why this court should depart from its long history of coextensive analysis of rights under the two constitutions.

*Probative Value of Prior Conviction Versus Prejudicial Effect*

At a separate, pretrial motions hearing, the district court took up the question of the admissibility of the evidence of the two previous convictions. The court engaged in an extensive comparison of the earlier crimes with the allegations made in the present case. The court then analyzed whether the evidence was more probative than prejudicial and concluded that the Shawnee County conviction lacked sufficient probative value to be admitted but that the Nebraska conviction was similar enough to be helpful to the jury in determining whether Boysaw was guilty.

After the completion of witness testimony, the district court read a stipulation to the jury:

> "The following facts have been agreed to and stipulated to by the parties and are to be considered by you as true: One, that the defendant, Kenneth Boysaw, was convicted of the crime of sexual assault of a child on February 12, 1987.
> "Two, specifically the defendant, Kenneth Boysaw, on August 25th, 1986, a date when he was 36 years of age, touched a child by the initials of BJH, in a sexual manner. BJH was a female, age nine years at the time of the touching. In the basement of his home he removed BJH's panties and touched her vagina with his hand in a rubbing motion. He did not penetrate her. Mr. Boysaw opened his pants exposing his penis and touched himself.

17

"And the stipulation was made on December 12, 2013, by counsel and Mr. Boysaw. Again those are to be considered as proven and true facts by the jury."

Boysaw argues on appeal that the district court improperly concluded that the prejudicial effect of the stipulation did not outweigh its probative value.

This court reviews for abuse of discretion a district court determination that the probative value of evidence outweighs its potential for producing undue prejudice. A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. *State v. Bowen*, 299 Kan. 339, 348-49, 323 P.3d 853 (2014).

Paragraph (d) of K.S.A. 2018 Supp. 60-455 permits admission of evidence that the defendant committed another act or offense of sexual misconduct for the bearing that the evidence has "on any matter to which it is relevant and probative." The language is expansive and places little limitation on admitting such evidence.

This court has established safeguards limiting the introduction of K.S.A. 60-455 evidence: the material fact that the evidence is introduced to prove must be disputed, and the probative value of the evidence must outweigh its potential for producing undue prejudice. See, e.g., *State v. Gunby*, 282 Kan. 39, 48, 144 P.3d 647 (2006). This rule closely resembles Federal Rule of Evidence 403, which states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

No Kansas statute expressly provides for the exclusion of unduly prejudicial evidence in the same way that Rule 403 does, and K.S.A. 2018 Supp. 60-455(d) allows the admission of any propensity evidence that is relevant and probative. See *State v. Moyer*, 306 Kan. 342, 365, 410 P.3d 71 (2017) ("as long as it is 'relevant and probative,'" propensity evidence under K.S.A. 2013 Supp. 60-455[d] is admissible in sexual abuse cases). The only limitation similar to Rule 403 is contained in K.S.A. 60-445, which allows discretionary exclusion if the trial judge finds that the probative value of the evidence is substantially outweighed by the risk that the evidence will "unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered." This limitation is less restrictive than the federal rule and addresses only surprise.

The plain statutory language of K.S.A. 2018 Supp. 60-455(d) appears to allow such evidence without requiring a weighing of probity versus prejudice. A similar reading of the federal rules allowing propensity evidence has been raised. See Judicial Conference of the United States, *Report of the Judicial Conference on the Admission of Character Evidence in Certain Sexual Misconduct Cases*, 159 F.R.D. 51, 53 (1995) (noting that the advisory committee believed the above position to be "arguable").

Nevertheless, without specifically deciding the issue, this court has continued to require a weighing of probative value versus prejudicial effect. See, e.g., *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015); *State v. Dean*, 298 Kan. 1023, 1033, 324 P.3d 1023 (2014); *State v. Remmert*, 298 Kan. 621, 628, 316 P.3d 154 (2014), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015); *State v. Spear*, 297 Kan. 780, 789, 304 P.3d 1246 (2013) (trial judge must weigh probative value of propensity evidence against threat of undue prejudice).

This position is consistent with the position taken by federal courts, although the federal analysis is grounded in the language of the rules, while the Kansas weighing rule is a judicial construct. See, e.g., *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997). It should be noted that such a weighing process has been an integral part of the analysis of those courts that have upheld the admissibility of propensity evidence, as the exclusion of unduly prejudicial prior acts evidence has been deemed a protection of due process rights. See, e.g., *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("As long as the protections of [the balancing test] remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded."); *State v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998); *Robisheaux v. State*, 483 S.W.3d 205, 212 (Tex. App. 2016).

No set test exists for weighing probative value against prejudicial effect. The Tenth Circuit has suggested certain factors to be considered, such as the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim. See, e.g., *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998).

In *Prine II*, 297 Kan. at 478, this court referred favorably to *United States v. Benally*, 500 F.3d 1085, 1090-91 (10th Cir. 2007), which incorporated other tests into the weighing test for propensity evidence in sex crimes. Citing prior decisions, the *Benally* court recommended considering specific factors in analyzing the two elements to be weighed.

In evaluating the probative value of evidence of other crimes or civil wrongs, the district court should consider, among other factors:  how clearly the prior act was proved; how probative the evidence is of the material fact sought to be proved; how seriously

disputed the material fact is; and whether the government can obtain any less prejudicial evidence. In evaluating the possible prejudicial effect of evidence of other crimes or civil wrongs, the district court should consider, among other factors: the likelihood that such evidence will contribute to an improperly based jury verdict; the extent to which such evidence may distract the jury from the central issues of the trial; and how time consuming it will be to prove the prior conduct. *Benally*, 500 F.3d at 1090-91.

In this case, the district court undertook a careful and meticulous examination of the factors to be weighed, giving both parties additional time to supplement their arguments. Far from committing error, the district court provided a model for conducting analysis of the admissibility of K.S.A. 2018 Supp. 60-455(d) evidence. It listed factors on both sides of the equation and explained in detail why it was admitting the evidence over Boysaw's objection.

Boysaw complains that the evidence of his Nebraska conviction was weakly probative and strongly prejudicial. Keeping in mind that the standard of review is abuse of discretion, we deem the probative value of the Nebraska conviction to be great.

The prior act was proved by Boysaw's stipulation to his conviction. The Nebraska incident involved a girl nine years of age; the current case involved a girl six years of age. In each incident, the girl's underwear was removed or pulled down, and in each incident, Boysaw rubbed the girl's vaginas with his hand. In each incident, Boysaw opened up his pants. The Nebraska conviction therefore suggested both a propensity to engage in certain conduct with a particular class of victims and a lack of mistake or inadvertence in the conduct toward G.E.M.

To be sure, Boysaw points out factors that somewhat undermine the value of the evidence: the Nebraska conviction was entered 26 years before the current case, and, in

21

the intervening years, Boysaw spent time in prison and experienced a decline in health. Nevertheless the probative evidence was material and valuable, and we cannot conclude that no reasonable person would have weighed the evidence in the manner that the district court did or that the admission of the evidence was improper as a matter of law. The district court did not abuse its discretion in admitting the evidence.

*Sentencing Challenges*

Boysaw complains that the district court improperly sentenced him as an aggravated habitual sex offender when his Nebraska conviction did not qualify as a sexually violent crime in Kansas. The Court of Appeals analyzed this issue at length, concluding that the Nebraska conviction was for a sexually violent crime. *Boysaw*, 52 Kan. App. 2d at 651-52. In his petition for review, Boysaw conceded that he had misconstrued which Nebraska statute was at issue but, without further argument, nevertheless urged this court to reverse.

When a party fails to support an argument with relevant authority or show why the argument is sound despite a lack of supporting authority or in the face of contrary authority, this court deems the argument waived and abandoned for failure to brief the issue. *State v. Tappendick*, 306 Kan. 1054, Syl. ¶ 2, 400 P.3d 180 (2017). Here, the reasoning of the Court of Appeals was sound and Boysaw provided no authority or analysis to challenge it. We therefore conclude that he abandoned this argument and there are no grounds for reversal on this issue.

Boysaw, finally, asks us to decide that K.S.A. 2018 Supp. 21-6626, which imposes mandatory life sentences without the possibility of parole on aggravated sex offenders, violates the federal constitutional right to trial by a jury because a judge, not a jury, decides whether a defendant has been convicted of two or more sexually violent crimes.

This court has repeatedly upheld the predecessor statute, K.S.A. 2009 Supp. 21-4642, against similar constitutional challenges. See *State v. Weber*, 297 Kan. 805, 818, 304 P.3d 1262 (2013) (setting out cases finding no constitutional error in statute). He also asks us to reconsider our holding in *State v. Ivory*, 273 Kan. 44, 45-47, 41 P.3d 781 (2002) (right to a factual determination by a jury does not apply when sentence based in part on defendant's criminal history score). Boysaw offers no new grounds for reconsidering those holdings, and we decline to find any constitutional violation.

CONCLUSION

We find no error in the conduct of the trial, and we are not persuaded that the statute allowing the introduction of evidence of propensity to commit sex crimes is unconstitutional. We therefore affirm the judgment of the Court of Appeals and the judgment of the district court.