NOT DESIGNATED FOR PUBLICATION

No. 122,075

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN EDWARD HUMPHREY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 10, 2023. Affirmed.

*Hope Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: A jury sitting in Sedgwick County District Court in August 2019 convicted Jonathan Edward Humphrey of four off-grid sex crimes against two of his granddaughters when the children and their mother lived with him and his wife. On appeal, Humphrey contends the district court erred in allowing the jurors to hear evidence that he had sexually abused his daughter—the mother of the victims in this case—when she was a child. Humphrey did not contemporaneously object to the State's presentation of the evidence during the trial and, therefore, has not preserved the issue for appellate

1

review. Since Humphrey has claimed no other error on appeal, we affirm the convictions and the resulting sentences.

Given the narrow issue on appeal, we need not and do not recount the details of Humphrey's abuse of his granddaughters, who were about 6 and 11 years old at the time. The district court imposed three life sentences on Humphrey to be served concurrently and a fourth life sentence to be served consecutively to the others.

Before trial, the State filed a motion to admit at trial evidence Humphrey had sexually abused his daughter about 30 years earlier. The State relied on K.S.A. 2018 Supp. 60-455(d), permitting the admission of various forms of sexual misconduct as propensity evidence against defendants charged with specified sex offenses. Humphrey objected to the State's request during a pretrial conference. At the conference, the district court denied his objection and ruled the State could use the evidence at trial.

At trial, Humphrey's daughter testified about his sexual abuse of her when she was a child and his resulting criminal conviction. Humphrey did not object to the evidence during the trial.

On appeal, Humphrey contends his daughter's testimony was impermissibly prejudicial and deprived him of a fair trial. See *State v. Boysaw*, 309 Kan. 526, Syl. ¶ 7, 439 P.3d 909 (2019) (district court should exclude propensity evidence offered under K.S.A. 2018 Supp. 60-455[d] if probative value is outweighed by undue prejudice to defendant). But Humphrey faces an insurmountable procedural hurdle in asking us to address his contention. The Kansas Supreme Court has held that a defendant's unsuccessful pretrial objection to propensity evidence the State intends to offer under K.S.A. 2018 Supp. 60-455(d) does not preserve the objection for appellate review. The defendant must make a new and distinct objection to the evidence during trial, consistent

2

with the contemporaneous objection rule in K.S.A. 60-404. *State v. Ballou*, 310 Kan. 591, 612-14, 448 P.3d 479 (2019).

On appeal, Humphrey tacitly concedes the absence of a timely trial objection to the evidence. By court rule, an appellant's brief must identify where in the record an issue was raised and ruled on, thereby preserving the point for review. Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36). In his brief, Humphrey cites to only his pretrial objection to the K.S.A. 2018 Supp. 60-455(d) evidence. In its brief, the State argues the issue has not been preserved in the absence of a contemporaneous objection during trial. Humphrey did not submit a reply brief or otherwise direct us to a trial objection.

We have outlined why the contemporaneous objection rule promotes sound trial practice and should be enforced:

> "Without a contemporaneous objection at trial, the district court [is] deprived of any opportunity to consider the propriety of the testimony or to avert any potential error through a ruling excluding the evidence, the use of a curative instruction, or some other remedy. A party cannot stay silent at trial, thereby allowing a district judge to admit potentially objectionable testimony, and speak up for the first time to complain in a brief to this court." *State v. Rodarte*, No. 102,132, 2011 WL 1814709, at *4 (Kan. App. 2011) (unpublished opinion).

The contemporaneous objection rule serves precisely that laudatory purpose here. Even if it did not, however, the holding in *Ballou* is clear and unmistakably precludes our review of Humphrey's sole point on appeal.

Affirmed.