NOT DESIGNATED FOR PUBLICATION

No. 122,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS WAYNE BRANSTETTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed November 6, 2020. Affirmed in part and vacated in part.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Brett D. Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

PER CURIAM:  Marcus Wayne Branstetter pled guilty to one count of methamphetamine possession. The district court sentenced Branstetter to 30 months in prison. As a part of Branstetter's sentence, the district court required him to repay $547 in Board of Indigents' Defense Services (BIDS) attorney fees. Branstetter now appeals his sentence, arguing that the district court erred in imposing the BIDS attorney fees without engaging in the analysis required by K.S.A. 22-4513 and further articulated in *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006). Branstetter also argues that the district court's findings regarding Branstetter's prior convictions—which enhanced his sentence—violated his right to a jury trial pursuant to section 5 of the Kansas

1

Constitution Bill of Rights and his Sixth and Fourteenth Amendment rights under the United States Constitution as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because the district court failed to engage in the *Robinson* analysis before imposing the BIDS attorney fees, we vacate those fees and remand to the district court for proper consideration under *Robinson*. Because the district court's prior conviction findings did not violate Branstetter's right to a jury trial or his Sixth and Fourteenth Amendment rights as articulated in *Apprendi*, we affirm the remainder of Branstetter's sentence.

FACTS

The transcript of Branstetter's sentencing hearing reflects that the district court ordered Branstetter to pay a $400 Kansas Bureau of Investigation laboratory fee and court costs as a part of his sentence. According to the transcript, the court did not impose any other fines or fees. But in the journal entry of sentencing, the district court ordered Branstetter to pay $547 in BIDS attorney fees as a part of his sentence. The journal entry also provided the following statement: "Defendant's financial resources and burden imposed by BIDS application and attorney fees considered by the court pursuant to K.S.A. 22-4513 and [*Robinson*]."

ANALYSIS

*BIDS Attorney Fees*

Branstetter argues the district court failed to inquire into his financial resources as required by K.S.A. 22-4513(b) and *Robinson* before ordering him to repay $547 in BIDS attorney fees as a part of his sentence. Branstetter's argument raises a question of law over which this court has unlimited review. *State v. Ayers*, 309 Kan. 162, 163, 432 P.3d 663 (2019). Although Branstetter's counsel did not object to the imposition of attorney fees at or after sentencing, this issue may be raised for the first time on appeal. *State v.*

*Garcia-Garcia*, 309 Kan. 801, 822-23, 441 P.3d 52 (2019) (finding that K.S.A. 22-4513 places mandatory duties upon district court and that consideration of issue involving that statute is necessary to serve ends of justice, allowing such issue to be considered for first time on appeal).

Before assessing fees against a defendant to reimburse BIDS, a sentencing court must consider the financial resources of the defendant and the nature of the burden that payment of the fees will impose. K.S.A. 22-4513(b). The Kansas Supreme Court requires that these considerations be made (1) on the record and (2) at the time of the initial assessment. *State v. Wade*, 295 Kan. 916, 927, 287 P.3d 237 (2012); *Robinson*, 281 Kan. at 546. The remedy for a sentencing court's failure to make explicit findings on the record is to remand to the lower court for such findings. See 281 Kan. at 548.

In this case, the parties agree that the district court failed at sentencing to inquire into Branstetter's financial resources or the burden repayment would have on him. Instead of explicitly engaging in this analysis on the record as K.S.A. 22-4513(b) and *Robinson* require, the district court ordered that Branstetter pay the BIDS attorney fees in a journal entry issued after the sentencing hearing was over. For this reason, we vacate the fee assessment and remand with directions for the court to consider Branstetter's financial resources and the nature of the burden that payment of the fees will impose before assessing any BIDS fees against Branstetter.

*Right to a jury trial: Kansas Constitution*

For the first time on appeal, Branstetter claims the district court's reliance on his previous criminal convictions to determine his current sentence under the revised Kansas Sentencing Guidelines Act (KSGA) violated section 5 of the Kansas Constitution Bill of Rights. Before reaching the merits of his claim, this court must determine whether it is properly preserved for appeal. Branstetter acknowledges that he failed to raise this claim

3

at the district court level. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). As the Kansas Supreme Court has warned, an appellant must strictly adhere to Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34). Rule 6.02(a)(5) requires an appellant to explain why the issue is properly before the appellate court. If an appellant fails to follow Supreme Court Rule 6.02(a)(5), the issue will be deemed waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). However, the appellate court may hear an issue not raised with the district court in three instances: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, and (3) the district court's judgment was right for the wrong reason. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Branstetter asserts that this court may review the issue on appeal pursuant to the first and second exceptions. Section 5 of the Kansas Constitution Bill of Rights states: "The right of trial by jury shall be inviolate." Section 5 is a basic and fundamental right. As one panel of this court found in a case involving an identical issue, this court can hear this particular constitutional challenge for the first time on appeal because it is necessary to prevent the denial of a fundamental right. See *State v. Albano*, 58 Kan. App. 2d 117, 125, 464 P.3d 332 (2020). For the reasons stated in *Albano*, we similarly will consider Branstetter's claim.

To put Branstetter's claim in context, we find it helpful to review some basic rules of the KSGA. A defendant's presumptive sentence is based on two factors: the severity of the current offense and the criminal history score of the defendant. See K.S.A. 2019 Supp. 21-6804(a) (containing the sentencing grid for nondrug crimes); K.S.A. 2019 Supp. 21-6805(a) (containing the sentencing grid for drug crimes). Severity levels range from levels 1 (the most serious) to 10 (the least serious felony level). Criminal history scores

range from I (no criminal history or one misdemeanor) to A (three or more person felonies). See K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6804(a).

Branstetter argues the criminal history factor of the sentencing guidelines violates his right to a jury trial as set forth in section 5 of the Kansas Constitution Bill of Rights. Specifically, he argues that using prior convictions to elevate the permissive punishment for the current crime of conviction—without presenting evidence of those prior convictions to a jury first—deprives him of his right to a jury trial on an issue of fact (the existence of a prior conviction) that enhanced the penalty for his current crime of conviction.

Branstetter concedes that his argument fails under the Fifth Amendment (due process) and Sixth Amendment (right to jury trial) to the United States Constitution. See *Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [Emphasis added.]); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (district court's use of prior convictions when calculating a criminal history score does not violate *Apprendi*); see also *State v. Boysaw*, 309 Kan. 526, 543, 439 P.3d 909 (2019) (declining to reconsider *Ivory*).

Given his argument fails under the United States Constitution, Branstetter makes the same argument relying on the right to a jury trial set forth in the Kansas Constitution. In support of this argument, Branstetter claims the right to a jury trial under the Kansas Constitution must be construed more broadly than that right in the federal Constitution because, at the time the Kansas Constitution was enacted, defendants had a common-law right to a jury trial on "penalty-enhancing prior conviction findings." This court addressed the same argument in *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). In that case, this court rejected Valentine's argument that the sentencing scheme set out in the KSGA

was unconstitutional because of the status of the American common law at the time Kansas became a state. We noted that the "Kansas Supreme Court has repeatedly rejected the argument that the KSGA violates the Sixth and Fourteenth Amendments to the United States Constitution. See [*Ivory*, 273 Kan. at 45-48]." 2019 WL 2306626, at *6. This court went on to say that "it [was] incumbent on Valentine to provide authority showing our Supreme Court interprets—or would interpret—§ 5 of the Kansas Constitution Bill of Rights to require jury findings that the Sixth Amendment does not." 2019 WL 2306626, at *6. The court found Valentine failed to do so. 2019 WL 2306626, at *6.

This court addressed the same issue more recently in *Albano*. Like Branstetter does here, Albano argued that section 5 to the Kansas Constitution Bill of Rights provided greater protection than the jury trial right under the Sixth Amendment to the United States Constitution. This court began by noting that the Kansas Constitution is "interpreted similarly to its federal counterpart even though the language may differ." 58 Kan. App. 2d at 128; see *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013) (noting Kansas Supreme Court generally adopts United States Supreme Court's interpretation of corresponding federal constitutional provisions). The *Albano* court also recognized that as early as 1928, the Kansas Supreme Court held "'it is no concern of the jury what the penalty for a crime may be, and it is just as well that the jurors' minds should not be diverted from the question of defendant's innocence or guilt by facts concerning defendant's prior convictions of other felonies.'" 58 Kan. App. 2d at 133 (quoting *State v. Woodman*, 127 Kan. 166, 172, 272 P. 132 [1928]). And just seven years later, the Kansas Supreme Court stated that a defendant has no right under the state or federal Constitutions to have a jury determine whether he had prior convictions. *Levell v. Simpson*, 142 Kan. 892, 894, 52 P.2d 372 (1935). Ultimately, the court in *Albano* held that section 5 of the Kansas Constitution Bill of Rights did not prohibit the KSGA's use of judicial findings of criminal history. 58 Kan. App. 2d at 134.

Branstetter makes the same arguments in this case which failed in *Albano*. We adopt the well-reasoned opinion of the panel in *Albano* and find that section 5 of the Kansas Constitution Bill of Rights does not require that the State prove to the jury the existence of prior convictions. The district court did not violate Branstetter's constitutional rights when it sentenced him without a jury first determining whether he had a prior criminal history.

*Right to a jury trial: United States Constitution*

Branstetter also argues for the first time on appeal that the district court violated his Sixth and Fourteenth Amendment rights as articulated in *Apprendi* when it relied on his criminal history score when sentencing him. Specifically, he asserts that the State had to prove these prior convictions to a jury beyond a reasonable doubt before sentencing him, and because it did not do so, the district court violated the principles set forth in *Apprendi* in sentencing him. But as noted above, Branstetter concedes the Kansas Supreme Court already decided this issue against him in *Ivory*, and he raises it solely to preserve the matter for federal review. Because this matter was conclusively resolved in *Ivory*, we are not persuaded by Branstetter's argument. See 273 Kan. at 45-48; see also *Wade*, 295 Kan. at 927 (declining to analyze identical issue as it had already been conclusively decided in *Ivory*).

We vacate the BIDS attorney fee assessment and remand for proper consideration of imposition of BIDS attorney fees pursuant to K.S.A. 22-4513(b) and *Robinson*. We affirm the remainder of Branstetter's sentence.

Affirmed in part and vacated in part.