NOT DESIGNATED FOR PUBLICATION

No. 125,628

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASEN M. WHITFIELD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed.

*Hope E. Faflick Reynolds*, of Capital Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


PER CURIAM: Jasen M. Whitfield appeals his conviction of aggravated indecent liberties with a child, arguing solely that the district court improperly admitted irrelevant and prejudicial evidence. After review, we agree with the district court that the challenged evidence is relevant and was properly admitted. We thus affirm Whitfield's conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2020, A.D., a 15-year-old girl, attended a family cookout at her home. Whitfield, A.D.'s stepbrother who was 19 years old and did not live with A.D., also attended the gathering and stayed at her house for the weekend. As usual, he slept on the couch in the living room.

That night, A.D. went to bed in her room alone, wearing an oversized shirt and underwear. A.D. testified she awoke to Whitfield on top of her, penetrating her vagina with his penis. Her underwear remained on but had been pushed to the side. A.D. testified this was painful and she did not say anything or try to leave because she felt like she was frozen. When he was done, Whitfield got up and left her room, and never said anything to A.D. about it.

After he left, A.D. stayed in bed for a bit and then went to the bathroom and began to cry. She noticed "[w]hite stuff" and a "little bit of blood" in her genital area, wiped it up with toilet paper, and threw her underwear away, hiding them in the trash can. She did not wake up anyone else in the house that night. She testified she felt "disgusting."

She told no one about the incident until about two weeks later, when she told her boyfriend, and he told A.D. to tell her parents what happened. A.D. then wrote her mother a note because she was nervous and did not want to recite the events out loud. Her mother contacted the police, who started an investigation. A.D. had a medical exam several weeks after the incident. No DNA evidence was presented at trial.

Law enforcement interviewed Whitfield, and he told them he had not been in A.D.'s bedroom on the night of May 1, 2020. During that interview, the detective told Whitfield of the allegation against him—including the ejaculation and the possibility of his semen in A.D.'s bedroom—and asked Whitfield if he had any explanation for that.

2

The detective knew that no DNA evidence had been collected during the medical exam and that A.D.'s sheets had been washed before the investigation began. Even so, the detective testified he asked this question because he wanted to "get an explanation, give him a chance to explain." Whitfield's counsel objected when the detective was asked about Whitfield's answer to that question. Ultimately, the district court permitted the detective to answer.

The detective testified that Whitfield told him that before May 1, he had "beat his meat" in A.D.'s bedroom when she was not in there, explaining why some of his ejaculate might have been on her underwear or in the room. He stated that he had stood by her hamper in the bedroom and caught his ejaculate with a sock, and that some of it might have ended up in the hamper or on the dirty clothes on the floor.

Whitfield also told the detective that on May 1 he had fallen asleep on the larger couch in the living room but had awakened on the smaller couch. He explained to the detective that he tended to sleepwalk and that he might have done so in the middle of the night and gone into his stepsister's room on May 1.

As a result of the investigation, the State charged Whitfield with aggravated indecent liberties with a child. A jury convicted him as charged and the district court sentenced him to 96 months' imprisonment.

Whitfield now timely appeals.

ANALYSIS

*Did the district court abuse its discretion by admitting evidence that Whitfield told a law enforcement officer that he had previously masturbated in the victim's bedroom?*

On appeal, Whitfield argues solely that the district court erred by admitting evidence of his prior sexual conduct. He contends that evidence of his prior legal act of masturbation in A.D.'s bedroom was irrelevant to whether he committed the crime of aggravated indecent liberties with a child, and even if that evidence were relevant, its probative value was outweighed by its prejudicial effect. He contends that admission of this evidence warrants reversal of his conviction.

The State counters that the evidence was relevant because it was his explanation for why his semen might have been found in his stepsister's bedroom or her underwear and because it showed his state of mind towards A.D.—that he sexualized her. The State adds that even if the prejudice outweighs the probative value of the evidence, admission of the evidence was harmless.

At trial, Whitfield contemporaneously objected to the admission of his statement about masturbation, asserting the same grounds he raises on appeal—relevance and prejudice—satisfying the requirement of K.S.A. 60-404. See *State v. Hillard*, 313 Kan. 830, 839, 491 P.3d 1223 (2021).

"The admission of evidence involves several legal considerations: determining relevance; identifying and applying legal principles including rules of evidence; and weighing prejudice against probative value." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Appellate courts apply different standards of review depending on the consideration at issue.

First, a court must determine whether the evidence is relevant. *Levy*, 313 Kan. at 237. All relevant evidence is admissible unless it is prohibited by statute, constitutional provision, or court decision. See K.S.A. 60-407(f); *Levy*, 313 Kan. at 237. Relevant evidence is defined in K.S.A. 60-401(b) as "evidence having any tendency in reason to prove any material fact." Relevance has two elements: a materiality element and a probative element. *Levy*, 313 Kan. at 237. "A material fact is one that has some real bearing on the decision in the case. Materiality presents a question of law that appellate courts consider de novo without deferring to the district court judge. [Citations omitted.]" *State v. Alfaro-Valleda*, 314 Kan. 526, 533, 502 P.3d 66 (2022). Evidence is probative if it tends to prove a material fact. Appellate courts review the question of whether evidence is probative under an abuse of discretion standard. 314 Kan. at 533.

Even if evidence is relevant, a district court has discretion to exclude the evidence when the court finds its probative value is outweighed by its potential for producing undue prejudice. See K.S.A. 60-445. When an appellant questions the district court's weighing of probative value and prejudice, an appellate court reviews the ruling for an abuse of discretion. *Alfaro-Valleda*, 314 Kan. at 535.

At trial, when Whitfield objected to the relevance of the detective's testimony about Whitfield's statement regarding his masturbation in A.D.'s unoccupied bedroom, the State contended that the evidence was relevant because it was Whitfield's explanation as to why "his ejaculate is in the victim's room, a place where he would have no business ejaculating. Masturbation . . . is relevant because it is in the context of his explanation for potential physical evidence at the scene of the assault." Defense counsel agreed that "there is nothing illegal about masturbation," but argued that the fact that it may have happened at some point before this incident was reported was irrelevant to whether or not a rape occurred. The State replied that it was "a very relevant probative piece of information for the jury in a case that relies almost exclusively on credibility for them to assess the credibility of both statements" given by the victim and the defendant.

Defense counsel then argued that the evidence was "more in line with propensity evidence," suggesting that if Whitfield is inclined to masturbate in A.D.'s room, then he is inclined to commit this act against her. The district court correctly found that the challenged evidence was not propensity evidence under K.S.A. 60-455 (which covers prior crimes or civil wrongs) and that the issue was one of relevance.

*Relevance*

Aggravated indecent liberties with a child, as charged here, is "[s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age." K.S.A. 21-5506(b)(1). As the district court instructed the jury, it had to find that the defendant acted intentionally, meaning that it was Whitfield's desire or conscious objective to have sexual intercourse with A.D.

The State argues that evidence of Whitfield's statement about masturbation is relevant because it is his explanation for why his semen might be found on A.D.'s underwear or in her bedroom. True, no physical evidence was presented at trial. A.D. disposed of the underwear she was wearing when she was assaulted, and the State offered no DNA evidence. Yet the detective did not tell Whitfield the underwear had been thrown away. Instead, he told Whitfield the victim had reported an ejaculation during the assault and asked Whitfield to explain why his ejaculate would be in his stepsister's room. Whitfield replied that he had masturbated in her room probably the last time he had visited before May 1. His visits were unscheduled and were usually on weekends once or twice a month.

The State also argued that because the case relies almost exclusively on credibility, all statements given to law enforcement, whether by the victim or by the defendant, are important for the jury to consider. A.D. contended that Whitfield had assaulted her and he denied it. As with most sexual assaults, there were no witnesses to

6

the event. And here, no physical evidence was admitted. The crucial issue in this case was credibility. If Whitfield never masturbated in her room, the fact that he fabricated a reason why his bodily fluid would have been in the victim's bedroom, instead of flatly denying that possibility, is relevant to the credibility of his denial and more broadly to the disputed issue in the case—whether he did the act he was charged with.

If, on the other hand, Whitfield had masturbated in her room, the State argues that this goes to Whitfield's state of mind, showing that he sexualized A.D. Whitfield's masturbation occurred on his visit closest to May 1, likely a week or two before. It was thus temporally proximate to the assault. Whitfield's act was sexual, and he chose to do it in the victim's bedroom, instead of in one of the three other bedrooms or in another private area. Thus Whitfield's admission that he had recently masturbated in his stepsister's room is material to or has some tendency to prove his intent, one of the elements of aggravated indecent liberties with a child. See K.S.A. 21-5506(b)(1) (defining aggravated indecent liberties with a child as "[s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age"); K.S.A. 21-5202(d), (e) (defining culpable mental state for crimes); see also jury instruction No. 3 ("To establish this charge, each of the following claims must be proved: . . . [t]he defendant did so intentionally" and "[a] defendant acts intentionally when it is the defendant's desire or conscious objective to . . . do the act complained about by the State.").

Cases are not squarely on point but suggest that when, as here, masturbation is not the basis for the crime alleged, evidence of it may be relevant if it is temporally proximate to the charged criminal conduct or is part of a pattern of conduct. See *State v. Young*, No. 102,121, 2013 WL 6839328, at *11 (Kan. App. 2013) (unpublished opinion); *State v. Devore*, 669 S.W.3d 362, 368 (Mo. App. 2023) (conduct not a basis for the charged crime but occurred right before the crime); *Harris v. State*, 340 Ga. App. 865, 870, 798 S.E.2d 498 (2017); *Bowen v. Commonwealth*, No. 2003-SC-0744-MR, 2005 WL 2318967, at *2-4 (Ky. 2005) (unpublished opinion) (conduct was a basis for the

charged crime and was a "habit" of the defendant, occurring at times not immediately before the crime).

The challenged evidence is both material and probative, as the district court found.

*Prejudicial v. Probative Value*

When, as here, the evidence is relevant—that is, both material and probative—the district court must consider whether its probative value outweighs its prejudicial effect. *State v. Haygood*, 308 Kan. 1387, 1392-93, 430 P.3d 11 (2018). K.S.A. 60-445 gives the district court discretion to exclude evidence if "its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party." But the Kansas Supreme Court applies this rule "much more broadly—excluding evidence if its probative value is substantially outweighed by the risk of unfair prejudice," without regard to the element of surprise. *State v. Satchell*, 311 Kan. 633, 640, 466 P.3d 459 (2020). An appellate court reviews this consideration for abuse of the district court's exercise of discretion. *State v. Claerhout*, 310 Kan. 924, 927-28, 453 P.3d 855 (2019). The district court abuses its discretion if its decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Levy*, 313 Kan. at 237.

Whitfield contends that the admission of his statement about masturbation is overly prejudicial because it portrayed him to the jury as an oversexed deviant who had a propensity to commit sexual acts. Yet at the same time, he asserts that the probative value of the same evidence is minimal because masturbation is common, legal conduct. But these assertions miss the mark.

We evaluate the probative value of evidence by "how clearly the prior act was proved; how probative the evidence is of the material fact sought to be proved; how

8

seriously disputed the material fact is; and whether the government can obtain any less prejudicial evidence." *State v. Boysaw*, 309 Kan. 526, 541, 439 P.3d 909 (2019) (in K.S.A. 60-455 analysis); *Satchell*, 311 Kan. at 640-41 (applying same factors in K.S.A. 60-445 analysis). Whitfield does not address those factors.

Similarly, Whitfield fails to address the factors we are bound to consider in evaluating the potential prejudice—"the likelihood that such evidence will contribute to an improperly based jury verdict; the extent to which such evidence may distract the jury from the central issues of the trial; and how time consuming it will be to prove the prior conduct." *Boysaw*, 309 Kan. at 541; *Satchell*, 311 Kan. at 641. Whitfield fails to show that the State's attempt to bolster its evidence of Whitfield's intent or his lack of credibility by admitting Whitfield's admission to masturbation took lots of time, was likely to contribute to an improper jury verdict, or was distracting to the jury. The district court thus did not abuse its discretion in finding the probative value of the evidence outweighed its prejudicial effect.

*Harmless Error*

But even if Whitfield is correct that the challenged evidence should not have been admitted, reversal of his conviction is not the automatic remedy. Instead, we review the erroneous admission of evidence for harmless error under K.S.A. 60-261. *State v. Lowery*, 308 Kan. 1183, 1235-36, 427 P.3d 865 (2018). An error is harmless if there is no reasonable probability that the error affected the outcome of the trial given the entire record. 308 Kan. at 1235. The party benefiting from the error bears the burden of proving harmlessness. See *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012). Whitfield's brief makes little to no attempt to address this issue.

The State meets this burden. At trial, after the admission of Whitfield's masturbation, his defense counsel cross-examined the detective about the fact that no

9

DNA evidence was found in A.D.'s bedroom or any of her underwear. Further, during the detective's testimony, he testified to the possibly exculpatory evidence that Whitfield sleepwalks and that he had admitted that he might have sleepwalked on May 1 and gone into his stepsister's bedroom. Finally, A.D. testified in depth at trial regarding her version of events, and the jury credited her testimony. Having reviewed the entire record, we find no reasonable probability that the challenged evidentiary error affected the outcome of the trial. Accordingly, any error in its admission is harmless.

Affirmed.